IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| JAMES JOHNSON and GAYLA JOHNSON, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF WESLEY JAMES JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN T. MOMII,<br><br>Defendant. | CV 16-14-BLG-SPW<br><br>OPINION and ORDER |

Before the Court is the Motion to Strike Defendant's Fourth Affirmative Defense Pursuant to Rule 12(f), F.R.Civ.P. filed by Plaintiffs James and Gayla Johnson (collectively "Plaintiffs"). For the reasons that follow, the Court denies the motion.

## I. Background

On July 6, 2015, Defendant Steven Momii was driving on a highway when he crossed the centerline and struck an oncoming car. Wesley Johnson, who was a passenger in the oncoming car, died as a result of the collision. One of Momii's passengers also died in the accident, while three other people suffered injuries. On February 25, 2016, the Plaintiffs initiated the instant action against Momii.

1

On March 16, 2016, Momii's insurer, Amica Mutual Insurance Company ("Amica") filed a Complaint for Interpleader in CV 16-24-BLG-SPW ("Interpleader Action"). Amica listed all the individuals injured in the accident as defendants, including the Plaintiffs. Amica asserts that Momii's policy limits may not be sufficient to resolve all the claims arising from the accident. Accordingly, Amica initiated the Interpleader Action and requests that this Court apportion the policy proceeds among the claimant defendants. Amica also requests an injunction against the claimant defendants from initiating lawsuits against Momii related to the accident at issue.

Momii answered the Plaintiffs' complaint in the instant action on March 22, 2016. In the Answer, Momii admits that he negligently caused the accident. Momii also includes the following as his Fourth Affirmative Defense: "Plaintiffs should be restrained from prosecuting the present action pursuant to 28 U.S.C. § 2361 in light of the [Interpleader Action]." (Doc. 6 at 3-4.) The Plaintiffs now move to strike Momii's Fourth Affirmative Defense.

## II. Legal Standard

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored "since pleadings are of limited importance in federal practice." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp.

2d 1048, 1057 (N.D. Cal. 2004). An affirmative defense should only be stricken under Rule 12(f) if it "clearly could have no possible bearing on the subject of the litigation." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (quotation omitted). Any doubt is resolved in favor of the nonmoving party. *Id.* District courts are afforded discretion when ruling on a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## III. Analysis

The Plaintiffs argue that Momii's Fourth Affirmative Defense has no basis in law. The Plaintiffs further assert that Momii cannot seek protection from the Interpleader Action, as he has unclean hands. According to the Plaintiffs, Momii's "Fourth Affirmative Defense, if allowed, will prevent Wesley and his family from seeking justice." (Doc. 11 at 3.) Momii argues that the affirmative defense is legally appropriate, related to the controversy, and not unduly prejudicial. The Court agrees with Momii.

In the Interpleader Action, Amica seeks "an injunction and order restraining the defendant claimants from instituting or prosecuting lawsuits against Steven Momii, related to the accident at issue[.]" (Doc. 1 at 8.) Such an injunction may be permissible, as 28 U.S.C. § 2361 provides, in pertinent part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court

3

> affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

Since a judgment obtained in the instant action could affect the distribution of Momii's insurance policy, an injunction under § 2361 may be appropriate.

The Court finds that Momii's Fourth Amendment Defense is not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The affirmative defense could have a possible bearing on the litigation. The Court may enjoin the instant action under § 2361. As motions to strike under Rule 12(f) are disfavored and all doubts are resolved in favor of Momii, the Court will not strike his Fourth Affirmative Defense.

The Court also notes that the affirmative defense does not significantly prejudice the Plaintiffs. The Court does not presently express an opinion as to whether the Plaintiffs should be restrained from prosecuting this action under § 2361. The Plaintiffs remain free to oppose any motion filed either in the instant action or the Interpleader Action, and this Court would rule on the motion's merits. However, at this time, the Plaintiffs suffer little (if any) prejudice from the Fourth Affirmative Defense.

## IV. Conclusion

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Strike Defendant's Fourth Affirmative Defense Pursuant to Rule 12(f), F.R.Civ.P. (Doc. 7) is DENIED.

DATED this 5th day of May, 2016.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge